IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANLEY L. WADE,<br><br>    Plaintiff,<br>v.<br><br>RANDALL T. GAITHER,<br><br>    Defendant. | **ORDER GRANTING IN PART<br>MOTION TO COMPEL**<br><br>Case No. 2:08-cv-641-WFD-DN<br><br>Judge William F. Downes<br>Magistrate David Nuffer |

    Stanley L. Wade brought this case claiming that Defendant Randall T. Gaither committed a RICO violation by extorting thousands of dollars from him while representing him in a criminal matter. Gaither now moves[1] this Court to compel Wade to respond to certain interrogatories and requests for production of documents. Specifically, Gaither seeks an order:

- compelling Wade to produce all documents in his possession related to the criminal case;
- compelling Wade to produce documents concerning Wade's relationship with Charles Muller, an attorney Wade hired shortly before the trial in criminal case;
- overruling Wade's objections to the issuance of subpoenas to Kendall Perkins, another attorney, and to Muller.

## DISCUSSION

    The facts are well-outlined in Defendant's initial memorandum.[2] The first issue is whether the materials sought are privileged. Muller and Perkins are attorneys. Muller was at one point attorney for Wade in the original criminal matter and in related issues. Perkins, Wade alleges, was involved in the negotiation and payment of Gaither's legal fees in the criminal case.[3] Perkins did represent Plaintiff Wade's wife in the criminal case.

---

[1] Defendant's Motion to Compel, docket no. 78, December 30, 2009.
[2] Memorandum in Support of Defendant's Motion to Compel (Supporting Memorandum) at 2-11, docket no. 79, filed December 30, 2009.
[3] *Id.* at 3 (citing paragraphs 10, 13, 29, 31 and 32 of the Complaint).

## Attorney Client and Work Product Privilege

This case alleges Gaither committed wrongful acts in the course of representing Wade in the criminal case. The only way to judge the impropriety of Gaither's acts is to place them in context with the rest of the criminal case. The attorneys Perkins and Muller possess significant information about that context. Wade has placed Gaither's conduct of the criminal case at issue by filing this suit. "[W]here these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct."

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party;
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
> (3) application of the privilege would have denied the opposing party access to information vital to his defense.[4]

Whether Gaither's fee demand was appropriate or extortionate will depend on the overall picture of the criminal case, which Wade has put at issue. Therefore, attorney client and work product privilege does not protect against Gaither's discovery from Muller, or against Perkins, to the extent Perkins was acting for Wade. Perkins's documents, if any, pertaining to his representation of Plaintiff's wife would be subject to a privilege *which she or Perkins can claim.* Wade cannot claim it.

The disclosure of privileged information in this case should not waive the privilege in other settings. Therefore, any information received from Muller and from Perkins will be subject to a protective order.

## Request for Production to Wade

The first disputed document request is Gaither's request for everything Wade has about the criminal case.

> Produce copies of all documents and electronically stored information, including without limitation, letters, correspondence, notes, e-mails, faxes, attorney retainer agreements, legal fee agreements, legal fees and expense invoices, checks or other evidence of payment of legal fees and costs, court filings of any kind, pleadings,

---

[4] *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E. D. Wash.1975).

notices, orders, motions, memoranda, and any other document relating in any way to the matter of United States of America v. Stanley L. Wade and Janet B. Wade, District Court No. 04-cr-141-TS.[5]

This request is overbroad. It could have been narrowed in many ways to find materials from the criminal case relevant to the issues in this case but to ask the currently incarcerated defendant in the criminal case for everything related to that case is simply too burdensome. Many important materials regarding Gaither's representation of Wade should be in Gaither's possession anyway. And Gaither can receive the other the materials from Muller.

## Perkins Subpoena

The subpoena to Kendall Perkins seeks all documents[6] relating to the criminal case and Perkins's role. Defendant Gaither identifies many allegations in the complaint of Perkins's involvement[7] which are at issue with Wade's assertion that "Ken Perkins has affirmed in writing to me that he has no recollection of 'being in the loop of discussion involving Gaither's demand for additional attorney fees.'"[8] The documents requested are probative on material issues in this case.

Wade objected to the subpoena to Perkins stating that "[t]he documents requested are privileged communications between Plaintiff [Stanley Wade] and his attorney and would in any event produce nothing to support Defendant's defense."[9] The conclusion that the documents are not relevant is at variance with Wade's own complaint. Wade's objections to the Perkins subpoena are overruled.

## Discovery Regarding Muller

Gaither sent two interrogatories and one production request to Wade regarding the financial and contractual facts of his relationship with another attorney, Charles Muller, regarding the criminal case:

---

[5] Supporting Memorandum at 5 (quoting Request for Production of Documents, attached as Ex. 5).
[6] *Id.* at 4.
[7] *Id.* at 3-4.
[8] *Id.* at 5 (quoting Wade letter, attached to Supporting Memorandum as Ex. 4).
[9] *Id.* at 4-5 (quoting Objections to Request for Waiver of Request for Production of Documents from Attorney Kendall Perkins Pursuant to Fed. R. Civ. P. 45(d)(2)(A), attached to Supporting Memorandum as Ex. 3).

> INTERROGATORY NO. 1: State the amount that you paid Charles J. Muller for his legal services in Case No. 2:04-CR-00141-TS.
> INTERROGATORY NO. 2: State whether you had a written retainer agreement with Charles 1. Muller for his legal services in Case No. 2:04-CR-00141-TS.
> REQUEST NO. 1: Produce any retainer agreement, invoices, checks or other evidence of payment of legal fees between the Plaintiff and Charles J. Muller for the legal services Charles J. Muller performed in Case No. 2:04 CR 00141 TS.[10]

Similar to his position with the Perkins discovery, "Wade . . . asserted relevance objections in responding to the two interrogatories and the request for production."[11] This discovery, seeking information about the financial facts and contractual terms of the Muller – Wade relationship is relevant and does not seek privileged information. Wade's objections are overruled. Wade is capable of producing this material and answering these interrogatories.

The broad subpoena to Muller seeking all documents covers much more territory. Wade objected to the subpoena "on grounds of relevancy and to the extent applicable, on a claim of attorney-client privilege."[12] However, the subpoena requests are limited to the scope of Muller's representation and fees he charged (Paragraphs 1-5) or to conduct of the criminal case (Paragraphs 6-8).[13] This information is "relevant to [a] party's claim or defense."[14] Wade's objections to the Muller subpoena are overruled.

---

[10] *Id.* at 6 (quoting Defendant's First Set of Requests for Admissions. & Interrogatories & Second Request for Production of Documents attached to Supporting Memorandum as Ex. 7).
[11] Supporting Memorandum at 6.
[12] *Id.* at 9 (quoting Wade letter attached to Supporting Memorandum as Ex. 16).
[13] *Id.* at 8-9.
[14] Fed. R. Civ. P. 26(b)(1).

**ORDER**

IT IS HEREBY ORDERED that the motion to compel is GRANTED IN PART. Wade's objections to the Perkins and Muller subpoenas are OVERRULED. On or before March 22, 2010, Wade is to respond to the interrogatories and request for production regarding Muller. No expenses are awarded.

IT IS FURTHER ORDERED that the information produced by the Muller and Perkins Subpoenas shall be produced for use limited to this case and shall not be disclosed to persons other than counsel and parties in this case and court personnel without agreement of the parties or further order of the court. Any privilege that applies to such information or other protection is not waived by disclosure connected with this litigation and such disclosure is not a waiver in any other Federal or State proceeding.[15]

Dated this 20th day of February, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[15] Fed. R. Evid. 502(d).