| | |
|---|---|
| STANLEY L. WADE, <br><br> Plaintiff, <br><br> vs. <br><br> RANDALL T. GAITHER, <br><br> Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES <br><br> Case No. 08-CV-641-WFD-DN <br><br> Judge William F. Downes |

This matter comes before the Court on Plaintiff Stanley L. Wade's motion for reconsideration of this Court's order on the parties' cross motions for summary judgment. (ECF 194.) Also before the Court is Defendant Randall T. Gaither's motion for attorney's fees. (ECF 199.) Having considered the parties' submissions, the relevant case law, and otherwise being fully advised, the Court FINDS and ORDERS as follows:

## BACKGROUND

**I. Facts:**

The facts of this case are as the Court found them in its order on summary judgment:

Plaintiff Stanley L. Wade hired Defendant Randall T. Gaither in July, 2004 to defend him against the United States in a criminal tax evasion case. The attorney-client relationship was governed by two fee agreements, the first of which retained Gaither for all pre-trial motions practice and required Wade to pay a $50,000 retainer, some of which was non-refundable. The second fee agreement, signed just over a month before trial, provided that Gaither would continue to represent Wade through sentencing in exchange for a one-time, non-refundable,

$100,000 fee. Apart from the fees required by these two agreements, Wade paid Gaither an additional $89,000 to $114,000.

Wade argued that most or all of the payments made to Gaither, other than the original retainer, were the product of fraud and coercion. According to Wade, Gaither demanded these monies after realizing Wade had the means to post a $2,000,000 cash bond. Wade asserts that Gaither made false representations regarding his need for additional funds and extorted the money by threatening to withdraw.

Specifically, Wade maintains that Gaither carried out his scheme through four false letters and a series of face-to-face meetings. The first three letters proposed fee agreements that would cover Gaither's representation of Wade at trial and on appeal. According to Wade, Gaither overcharged him for pretrial motions practice and therefore the letters' implication that Gaither needed additional funds for trial or appeal must have been false. Wade also claims that Gaither threatened to withdraw if he was not paid, knowing that Wade's fear of being left unrepresented would motivate him to pay. The evidentiary linchpin of Wade's claim he was overcharged are a series of billing statements Gaither sent in his fourth letter, to the Utah State Bar and Wade. These statements–which are incomplete seem to have been prepared after the fact–arguably suggest that Gaither collected for work he did not bill.

Against this backdrop, Wade brought three claims: (1) violation of the civil RICO statutes, 18 U.S.C. § 1961, *et seq.*, arising from Gaither's scheme to extort and defraud Wade over the duration of their relationship; (2) similar violations of Utah's Pattern of Unlawful Activity Act, U.C.A. §§ 76-10-1601, *et seq.*; and (3) common law fraud.

2

## II. Order on Summary Judgment

The Court granted Gaither's motion for summary judgment as to the RICO claim, reasoning that there was no genuine dispute of material fact as to the veracity of the letters mailed from Gaither to Wade and, therefore, no mail fraud. Without mail fraud Wade was left with only one predicate RICO act, extortion. A plaintiff must prove two or more RICO predicate acts to prevail.

Quoting liberally from Wade's filings, the Court summarized Wade's mail fraud argument as follows:

> Wade claims that the October 11 letter falsely stated, "I [Gaither] have not been retained to represent you beyond filing and presenting pretrial motions to the Court." (Def.'s Mem. in Supp. Ex. 18.) Similarly, the November 23, 2004, letter is alleged to have falsely stated, "In order to proceed and prepare for trial a non-refundable trial fee in the amount of $100,000.00 [sic]." (Def.'s Mem. in Supp. Ex. 21.) According to Wade, these statements were "false" because Gaither "had already been paid more than $100,000 in excess of what he had earned by his own admission in the statements provided on February 22, 2007, under direction of the Utah State Bar." (Am. Compl. 15.)
>
> . . .
>
> Wade argues that the third letter, which proposed a third fee agreement that would have governed Gaither's representation on appeal, was "false" because "Plaintiff had already overpaid Defendant approximately $150,000 during the course of pre- and post-trial." (Am. Compl. 18.) The letter is short and does no more than propose a third fee agreement to cover appellate work. It also accurately reflects the parties' prior written agreement that the "trial fee does not include any interlocutory appeal or any appeal. The representation continues only through sentencing." (Second Fee Agreement, Def.'s Mem. in Supp. Ex. 22.) Wade's assertion that Gaither could not possibly have earned his prior payments is unsupported by any evidence and, in any event, is irrelevant to whether the letter contained any misrepresentation or falsity.
>
> Finally, Wade insists that the fourth mailing—transmission of the billing statements originally sent to the Utah State Bar—is fraudulent because it was "designed to lull Plaintiff into believing that all of the money extorted was

justifiable." (Am. Compl. 20 ¶ 32.) To support his argument, Wade cites *United States v. Lane*, 474 U.S. 438, 451-52 (1986), which stands for the general proposition that mailings after completion of the fraudulent scheme are still mail fraud if they "were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place." *Id.* (quoting *United States v. Maze*, 414 U.S. 395, 403 (1974)).

(Order Grant. Def.'s Mot. for Summ. J, 5-8.)

Comparing the letters to the fee agreements governing the Wade-Gaither relationship, the Court found that no reasonable jury could find the letters contained a falsehood.

The Court also concluded that no reasonable jury could find that the alleged scheme constituted the type of continuing criminal activity prohibited by the RICO statute. The Court first determined that because the letters did not constitute mail fraud, the only remaining predicate act was extortion, which Wade alleged occurred over a few short months. Predicate acts spanning "a few weeks or months and threatening no future criminal conduct" are not considered continuous. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (quoting *H.J. Inc.*, 492 U.S. at 243 n. 4). As an alternative ground for summary judgement, the Court found that the alleged scheme was not extensive enough to constitute continuous criminal activity:

> Gaither's conduct amounts only to one scheme, implicated only one victim, was simple in the extreme, and employed only one racketeering activity. This case is not the type of case Congress envisioned would arise in federal court when it passed the RICO statutes, and is properly dismissed on summary judgment. *See, e.g., Hall v. Witteman*, 584 F.3d 859, 867-68 (10th Cir. 2009) (affirming dismissal because conduct was "directed at only one individual . . . with no potential to extend to other persons or entities"); *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001) (finding four acts and an unfulfilled threat of future conduct an insufficient, single scheme to accomplish a discrete goal without the potential to extend to others); *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1555-56 (10th Cir. 1992) (dismissing claim because schemes and episodes spanning twenty-three months were no more than single scheme to accomplish a discrete goal directed against a finite group of individuals).

(Order Grant. Def.'s Mot. for Summ. J, 10-11.)

**III. Motion to Reconsider**

Wade raises three arguments in his motion for reconsideration. First, he asserts the Court invaded the province of the jury by concluding that the letters could not amount to mail fraud. (ECF 198, Mot. for Reconsideration and to Amend the J. Pursuant to Rule 59(e), 2-4.) According to Wade, a jury should decide whether the letters were sent in furtherance of a scheme to defraud him. He argues that the real fraud occurred during a conversation with Gaither, in which Gaither represented that he would need addition funds to continue as Wade's lawyer. Wade alleges that these statements were fraudulent because Gaither had plenty of funds remaining with which to prepare a defense. Wade maintains that the letters, regardless of whether they state the truth, were sent in furtherance of the fraud committed during Wade and Gaither's conversation.

Wade's second ground for relief is that the Court misapplied the law when it concluded that Wade's claim of mail fraud turned on whether the letters contained false statements. Relying on *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), he argues that the letters need not be fraudulent if they were sent in furtherance of a larger scheme to defraud. Wade's description of the larger scheme to defraud is, however, somewhat confusing. He argues on one hand that Gaither fraudulently stated in conversation that he needed additional funds, and that the letters were sent in furtherance of that fraudulent statement. On the other hand, Wade argues that Gaither orally threatened to withdraw unless he received additional funds, thus committing extortion, and that the letters were truthful reminders of the oral threat. It is not entirely clear to the Court how Gaither could have committed fraud and extortion with the same statements.

Wade's final argument is that, once the letters are properly considered part of the predicate acts, the scheme is extensive enough to be considered continuous criminal behavior.

## STANDARD

"Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2009)). "Grounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

## DISCUSSION

### I. Motion for Reconsideration

As an initial matter, Wade's argument that the Court invaded the province of the jury is merely an invitation for the Court to reconsider the merits of its order on summary judgment. A Rule 59(e) motion may not be used to force a district court "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1202. The Court has examined its order on summary judgment and is satisfied that it did not commit clear error. Accordingly, Wade's argument as to the nature of the letters is not grounds for Rule 59(e) relief.

Wade's second argument, that the Court misapplied the law by failing to recognize that the letters could constitute mail fraud even if true, is equally unavailing. Wade appears to argue that Gaither defrauded him by orally representing a need for additional funds, and that the letters were sent in furtherance of the oral fraud. This argument is really no different than the argument

Wade made on the first go round. Implicit in the Court's finding that the letters were not fraudulent was the finding that the alleged oral statement to the same effect was not fraudulent. In any event, Wade cannot oppose summary judgment solely on his allegation that Gaither fraudulently demanded additional money. "Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (quoting *Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995)). The evidence Wade developed to support his claim of fraud—the letters, accounting, and fee agreements—was considered by the Court and found insufficient. The Court finds that it did not misapprehend the law.[1]

Finally, as Wade's argument regarding the extensiveness of the alleged criminal conduct is premised on his arguments relating to the falsity of the letters, the Court need not address the matter separately. The Court notes, however, that Wade misinterpreted the Court's prior ruling. The Court concluded that the alleged scheme was not extensive enough to amount to a RICO violation in part because the scheme targeted only Wade. The Court did not, as Wade believes, conclude that the scheme was not extensive because it was carried out by only Gaither. Wade's motion for reconsideration is denied.

## II. Attorney's Fees

Gaither has moved for attorney's fees pursuant to Federal Rule of Civil Procedure 11(c) and Utah Code 78B-5-825. He has not, however, provided the Court with sufficient information to make a reasoned determination as the appropriateness of his fee request. The sole submission describing the hours expended and rates charged is the affidavit of Stuart H. Schultz. The

---

[1] The Court addressed the falsity of the letters in its order on summary judgment because, as the block quotes set out above indicate, Wade asserted they were false.

affidavit lists tasks performed by defense counsel but does not indicate the amount of hours devoted to each task or which attorney performed them. The Tenth Circuit has always required parties seeking attorney fees to submit "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Without additional information, the Court cannot determine with any confidence the amount of hours that were reasonably expended in Gaither's defense. To grant attorney's fees on the record before the Court might well be considered an abuse of discretion. *See Irwin v. West End Development Co.*, 481 F.2d 34, 40 (10th Cir 1973) (reversing district court's award of $5,000 in attorneys' fees because "there was no evidence presented as to the incurring or reasonableness of the fees.").

Utah Code Annotated 78B-5-825 provides that "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith" unless the court finds that the nonmovant has filed an affidavit of "impecuniosity" or states in the record its reasons it found the claims to be with merit or brought in good faith. U.C.A. § 78B-5-825. An award of fees pursuant to this statute must distinguish between those fees incurred in connection with the meritless claims and others. *Valcarce v. Fitzgerald*, 961 P.2d 305, 318 (Utah 1998) (citing *Commerce Financial v. Markwest Corp.*, 806 P.2d 200, 204 n.4 (Utah App. 1990)).

Accordingly, the Court denies Gaither's motion for attorney fees. He is free to re-file the motion and submit additional materials for the Court's consideration.

## CONCLUSION

affidavit lists tasks performed by defense counsel but does not indicate the amount of hours devoted to each task or which attorney performed them. The Tenth Circuit has always required parties seeking attorney fees to submit "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Without additional information, the Court cannot determine with any confidence the amount of hours that were reasonably expended in Gaither's defense. To grant attorney's fees on the record before the Court might well be considered an abuse of discretion. *See Irwin v. West End Development Co.*, 481 F.2d 34, 40 (10th Cir 1973) (reversing district court's award of $5,000 in attorneys' fees because "there was no evidence presented as to the incurring or reasonableness of the fees.").

Utah Code Annotated 78B-5-825 provides that "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith" unless the court finds that the nonmovant has filed an affidavit of "impecuniosity" or states in the record its reasons it found the claims to be with merit or brought in good faith. U.C.A. § 78B-5-825. An award of fees pursuant to this statute must distinguish between those fees incurred in connection with the meritless claims and others. *Valcarce v. Fitzgerald*, 961 P.2d 305, 318 (Utah 1998) (citing *Commerce Financial v. Markwest Corp.*, 806 P.2d 200, 204 n.4 (Utah App. 1990)).

Accordingly, the Court denies Gaither's motion for attorney fees. He is free to re-file the motion and submit additional materials for the Court's consideration.

## Conclusion

Put simply, this is a case in which a convicted tax evader is upset with the allegedly unscrupulous attorney who represented him during his criminal trial. This is not a dispute Congress would have envisioned being brought under the RICO statutes. Accordingly, Wade's motion for reconsideration is DENIED. The Court also finds that Gaither's motion for attorney's fees should be DENIED for lack of evidence.

THEREFORE, it is ORDERED that Wade's motion for reconsideration be DENIED.

IT IS FURTHER ORDERED that Gaither's motion for attorney's fees be DENIED.

IT IS FINALLY ORDERED that Wade's motion to continue the trial date, (ECF 197), and motion for leave to file a sur-reply, (ECF 207), are MOOT.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE